CONTRERAS & CAMPA, LLP
Attorneys-At-Law
Wilshire Financial Tower
3600 Wilshire Boulevard, Suite 900
Los Angeles, California 90010-2613
Telephone (213) 480-8565
Fax (213) 480-6675

Counsel:   Anthony Contreras, Esq.

Attys. for Defendant ROMAN CALDERON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **CR No. 03-00495 DAE** |
| | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION** |
| v. | ) | |
| | ) | |
| ROMAN CALDERON (02), et al., | ) | **MOTION HEARING:** |
| | ) | Date:  August 29, 2005 |
| Defendant(s). | ) | Time:  8:30 a.m. |
| | ) | Judge: Hon., Kevin S. C. Chang |
| ———————————————— | ) | |

/ / /

/ / /

---

**PLEASE TAKE NOTICE** that on the date, at the time, and place indicated above, or as soon thereafter as counsel may be heard, the above-named defendant, by and through his counsel of record, will move the Court to dismiss the indictment pursuant to the following motion:

## MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION

Mr. Calderon, through his attorney, moves to dismiss the indictment because the prosecutor's undue delay in prosecuting this case has violated the defendant's constitutional rights to due process of the law, and a speedy trial.

The motion is made on the grounds that the ends of justice cannot possibly be served by continuing the present prosecution against Mr. Calderon for the following salient three reasons:

### No Appearance/No Advisements

Mr. Calderon last appeared in court sometime in November 2004. Since then he has been locked up and has seen no court or attorney with regards to the status of the criminal case pending against him. Not until June of 2005, did he have any idea of what was going on with his case (it was at this time that counsel for Mr. Calderon received some correspondence from the AUSA's office regarding the scheduling of court dates that had already come and gone). Although the various other defendants were continually brought before the court, advised by their attorneys, and provided with new dates for their court hearings, none of this happened for Mr. Calderon. It is exactly this kind of situation, counsel imagines the right to due process under the law and to a speedy trial were intended. The angst of not only knowing one has been accused of some wrong, but the uncertainty of the status of those accusations and the incumbent incarceration pending the outcome of criminal proceedings. No doubt our law related to due process and speedy trial were intended to inform an individual so

1   accused of the proceedings against her, and of course provide an opportunity to

2   be heard throughout.  None of which has been done for Mr. Calderon, at least

3   since November of last year.  For the past eight months or so, Mr. Calderon has

4   been quite literally left in the dark, locked away, and almost forgotten.  Such

5   treatment violates established United States constitutional protections exceeding

6   the statute of limitations against such prosecutions, and warrants immediate

7   dismissal of all charges.

8          **No Waiver**

9          There has been no waiver of speedy trial rights by Mr. Calderon or counsel

10         since that time.

11         **No Prosecution**

12         The record will reflect that Mr. Chris A. Thomas, Assistant U.S. Attorney,

13         has made no effort to pursue the matter as to Mr. Calderon in a timely

14         fashion since the last court appearance of November 2004.

15         This motion is based on the attached declaration and memorandum of

16  points and authorities served and filed herewith, on such supplemental

17  declarations, affidavits, memoranda of points and authorities as may hereafter be

18  filed with the Court, on all the papers and records on file in this action, and on

19  such oral and documentary evidence as may be presented at the hearing of the

20  motion.

21         Therefore, counsel for Mr. Calderon asks this Court to dismiss the

22  indictment as to Mr. Calderon because the prosecution has failed to prosecute Mr.

23  Calderon in timely fashion, Mr. Calderon's has not waived time before the court,

24  and Mr. Calderon's lengthy eight month incarceration without having seen the light

25  of day nor even being advised of the status of the pending case against him; all

26  make the case for an egregious violation of due process and the right to a speedy

27  trial.

28

1

2      Dated: August 18, 2005          Respectfully submitted,

3                                      CONTRERAS & CAMPA, LLP

4

5

6                              By:     _____
                                       Anthony Contreras, Esq.
7                                      Attorneys for Defendant
                                       ROMAN CALDERON
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- DEFENDANT'S NOTICE OF MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONTRERAS & CAMPA, LLP
Attorneys-At-Law
Wilshire Financial Tower
3600 Wilshire Boulevard, Suite 900
Los Angeles, California 90010-2613
Telephone (213) 480-8565
Fax (213) 480-6675

Counsel:   Anthony Contreras, Esq.

Attys. for Defendant ROMAN CALDERON

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROMAN CALDERON (02), et al.,

Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CR No. 03-00495 DAE

**MOTION TO DISMISS FOR
LACK OF TIMELY
PROSECUTION**

/ / /
/ / /

# I.

## STATEMENT OF FACTS

On 8 October 2003, Mr. Calderon was indicted by a Grand Jury for Conspiracy to knowingly and intentionally possess with intent to distribute methamphetamine, a schedule II controlled substance; Knowingly and intentionally possess with intent to distribute methamphetamine, a schedule II controlled substance; Use of a communication facility, to wit, a telephone and Conspiracy to knowingly and intentionally commit money laundering, Counts 1, 2, 6 and 9 respectively.

On 9 October 2003, the United States District Court of Hawaii issued an arrest warrant. On 16 October 2003, a search warrant was issued by the same court. On 17 October 2003, Mr. Calderon's residence in Arizona was searched (nothing of import was discovered at his residence), and he was taken into custody presumably without incident. The arrest was followed by his detention in Federal Court in Arizona. Mr. Calderon was extradited to Hawaii, where he was arraigned sometime in November of 2003.

Sometime in March, a pretrial conference was held in the United States District Court of Hawaii, whereby an April 20 court date for jury trial was continued to 3 August 2004. On 6 July 2004, another pretrial was heard in the United States District Court of Hawaii. On that date, the parties agreed by stipulation to continue the previously scheduled jury trial date of 3 August 2004, to 19 October 2004. This was the last time Mr. Calderon was advised as to the status of the case against him. Another pretrial conference was scheduled for 20 September 2004. That date came and passed, without Mr. Calderon ever being brought before the court again until June of 2005. Thereafter, Mr. Calderon remained incarcerated, and completely uninformed as to the criminal matter before the court.

1  Almost a year later, and eight months since the last effective time waiver by

2  Mr. Calderon, the prosecution begins earnestly pursuing Mr. Calderon's case

3  anew by requesting defense counsel to essentially forge documents setting court

4  and motion dates for Mr. Calderon which had already long since past.  Mr.

5  Calderon's counsel of record had local counsel, stand in for him in July 2005, in

6  order to set firm dates that would afford counsel sufficient time to arrange to be

7  present there in Hawaii.

8  As of that date, there has been no further time waived by Mr. Calderon and

9  no further findings by the court  which excluded the intervening time from October

10  28, 2004 to the present from the computations required by the Speedy Trial Act,

11  Title 18, United States Code, Section 3161, nor any orders and/or findings that

12  the ends of justice outweighed the best interest of the public and the defendants

13  in a speedy trial due to the necessity of reasonable time for preparation and

14  taking into account due diligence in accordance with 18 U.S.C. § 3161

15  (h)(8)(B)(iv).

16                                      II.

17       **MEMORANDUM OF POINTS AND AUTHORITIES**

18
     **THE COURT SHOULD DISMISS THE INDICTMENT, AS THE SPEEDY**
19   **TRIAL ACT REQUIRES THE DISMISSAL OF AN INDICTMENT**
20   **AGAINST ANY DEFENDANT WHO IS NOT BROUGHT TO TRIAL**
     **WITHIN SEVENTY DAYS**
21

22
     Mr. Calderon's  first principal ground of appeal is that dismissal of his
23
   indictments is required by the Government's failure to bring him to trial within the
24
   seventy day time limit imposed by the Speedy Trial Act, 18 U.S.C. § 316 et seq.,
25
   (1976 & Supp. III 1979).
26
     Pursuant to Federal Rules of Criminal Procedure, § 48(b), if there is
27
   unnecessary delay in bringing a defendant to trial, the court may dismiss the
28

---

1  indictment, information or complaint.

2  As noted *supra*, the Speedy Trial Act requires the dismissal of the

3  indictment against any defendant who is not brought to trial within seventy days

4  (18 U.S.C. §§ 3161(c)(1), 3162(a)(2) [Supp. III 1979]) and as such, the trial judge

5  is responsible for all assigned **criminal cases** and for protecting the speedy trial

6  rights of all defendants.  (18 U.S.C.S. § 3161.)

7

8  ### III.

9  ### THE DELAY, IN ADDITION TO VIOLATING THE SEVENTY DAY LIMIT OF THE SPEEDY TRIAL ACT, ALSO VIOLATED MR. CALDERON'S CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE SIXTH AMENDMENT

10

11

12

13  The delay in bringing Mr. Calderon to trial, in addition to violating the

14  seventy day limit of the Speedy Trial Act, also violated his constitutional right to a

15  speedy trial as guaranteed by the sixth amendment, and as implemented by Rule

16  48(b) of the *Federal Rules of Criminal Procedure*.

17  In *Barker v. Wingo*, the Supreme Court enunciated the factors to be

18  considered in determining whether the sixth amendment right to a speedy trial

19  has been denied: (1) the length of the delay; (2) the reason for the delay; (3) the

20  defendant's assertion of the right; and (4) the prejudice resulting from the delay.

21  (*Barker v. Wingo*,407 U.S. 514, 531-33, 92 S. Ct. 2182, 2192-93, 33 L. Ed. 2d

22  101 (1972); see also *United States v. Saunders*, 641 F.2d 659, 665 (9th Cir.

23  1980).)

24  ### DISCUSSION

25  **(i)    The Length of the Delay**

26  Here, the delay between indictment and trial has been greater than eight

27  months. This significant delay of over 240 days is certainly in violation of the

28  seventy day limit of the Speedy Trial Act, and must be considered "presumptively

1    prejudicial," so as to  trigger the balancing and require an examination of the

2    other three factors.  (*Barker v. Wingo*, 407 U.S. 514, 531; 92 S. Ct. at 219, United

3    *States v. Rich*,  589 F.2d 1025 (10th Cir. 1978); see *United States v. Diaz-*

4    *Alvarado*, 587 F.2d 1002, 1005 (9th Cir. 1978), *cert. denied*, 440 U.S. 927, 99 S.

5    Ct. 1261, 59 L. Ed. 2d 482 (1979).)

6

7         **(ii)     The Reason for the Delay**

8         Mr. Calderon has been left to sit in his cell incommunicado vis-à-vis the

9    criminal proceedings pending against him for the better part of an entire year, for

10   no other apparent reason than that he apparently "slipped through the cracks" as

11   it were.  The prosecution has offered no other reason for the uncharacteristically

12   prolonged delay in his prosecution, or for the failure to bring him before the court

13   in timely fashion on the charges leveled against him (or to otherwise waive time,

14   and advise Mr. Calderon of the circumstances leading to said delay).

15        **(iii)     Defendant's Assertion of the Right**

16        Mr. Calderon is asserting his right to speedy due process under the law by

17   way of this motion.  It is the first chance counsel has had to advocate such a

18   position since Mr. Calderon has been brought about before the court this past

19   June, for the first time after a nearly one year delay behind bars.

20        **(iv)     The Prejudice Resulting from the Delay**

21        The mere angst engendered by the situation thrust upon by Mr. Calderon

22   by the prosecution's failure to timely prosecute this matter against him, should

23   speak volumes to the obvious intent of the law protecting citizens from such

24   unnecessary delays in criminal prosecutions.  The prejudice sought to be

25   protected against by our speedy trial law, and due process, certainly embraces in

26   counsel's mind, the prolonged incarceration suffered by Mr. Calderon for nearly

27   an entire year.  Can it be said in good conscience that Mr. Calderon has suffered

28

1   no prejudice after being jailed for nearly an entire year without ever being advised

2   of what was going on with the criminal prosecution that landed him in jail?  Have

3   we become some cavalier about our accused's rights that we find no harm in

4   doing so?  Will we find some excuse for having done so, or excuse some conduct

5   by some other persons for having done so, and in doing so, cast away such an

6   egregious violation of our great country's supreme law, the constitution, in the

7   name of some perceived court necessity?  Mr. Calderon was left to sit in some

8   prison far from his home for over a year, while the prosecution supposedly

9   pursued some criminal complaint against him, while in actuality doing nothing in

10   court to advance those proceedings against him.  He was left to do so, without

11   being brought before the court as is customary, without being informed of the

12   status of the proceedings, without being asked to waive time for trial in some

13   future proceedings, and essentially without being given an opportunity to be

14   heard as to whether or not he wished to delay the proceedings for some

15   legitimate interest.  He was locked away in total darkness for almost a year.

16   Counsel is here to say that Mr. Caldron had **no idea** what was happening with

17   the case, as counsel did not either.  Prejudice can be presumed, and one can

18   certainly imagine the very real prejudice visited upon Mr. Calderon after being

19   locked away for almost a year with no knowledge of the criminal proceedings

20   against him.

21                                     III.

22                                **CONCLUSION**

23            This court should dismiss the indictment as to Mr. Calderon because the

24   prosecution left him jailed for nearly a year without making any effort whatsoever

25   to pursue the prosecution against him.  The court, with nothing more, can dismiss

26   this matter upon receipt of this motion by simply taking judicial notice of the court

27   records on the action.  The record speaks for itself, and will show that Mr.

28

---

- DEFENDANT'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION -

1  Calderon was locked away for nearly a year without ever being brought before

2  the court, or given an opportunity to be heard for the time period in question.  Mr.

3  Calderon asks this court to recognize his assertion of his rights by way of this

4  motion made through his attorney.  He asks the court to find the prosecution has

5  violated his right to speedy due process under the law by failing to adequately

6  pursue the case against him in timely fashion.  He asks the court to find the

7  prosecution's failure to allow him an opportunity to be heard on the matter has

8  visited upon him a great harm as he has been locked away for nearly a year with

9  no knowledge of these proceedings.  And finally, he asks this court to dismiss the

10  indictment against him because the interests of justice require nothing less when

11  a person can be allowed to remain behind bars for such a long time without being

12  diligently prosecuted by the state.

13  Respectfully submitted,

14  Dated: August 18, 2005

CONTRERAS & CAMPA, LLP

By:  _____
Anthony Contreras, Esq.
Attorneys for Defendant
ROMAN CALDERON

- DEFENDANT'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION -