Anthony Contreras
CONTRERAS & CAMPA, LLP
633 West 5th Ave., Suite 2600
Los Angeles, CA 90017
Tel.: (213) 480-8565

Benjamin D. Martin
1188 Bishop St. Suite 1810
Honolulu, HI 96813

Attorneys for Defendant ROMAN CALDERON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 03-00495-02 DAE |
| ) | |
| Plaintiff, ) | AFFIDAVIT OF ANTHONY |
| ) | CONTRERAS IN SUPPORT |
| ) | OF DEFENDANT ROMAN CALDERON'S |
| vs. ) | MOTION TO DISMISS FOR LACK |
| ) | OF TIMELY PROSECUTION |
| ) | |
| ROMAN CALDERON (02), ) | |
| ) | |
| Defendant. ) | |
| ) | MOTION HEARING: |
| ) | |
| ) | Date: March 21, 2007 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Hon., David Allan Ezra |

## AFFIDAVIT OF A. CONTRERAS IN SUPPORT OF DEFENDANT CALDERON'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECTION

I, ANTHONY CONTRERAS, declare:

1. I am duly licensed to practice law in the State of California and in good standing with the State Bar. I am a partner in the firm of Contreras & Campa, LLP, attorneys of record for DEFENDANT in the above-entitled action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. In November of 2003, I appeared *pro hac vice* for the first time, as counsel of record for Mr. Calderon. Mr. Benjamin Martin was designated local counsel for our firm at that time, and both court and counsel were given all of the particulars.

3. In March of 2004, I appeared in person for Mr. Calderon's first pre-trial conference. On that date the parties agreed by stipulation to continue the Jury Trial date of August 3, 2004 to October 19th of 2004.

4. On that same day, I arranged to meet with Mr. Thomas briefly at his office, to discuss the matter with him. It was at this time, that Mr. Thomas assured me that he would send to me a "boiler plate" form plea agreement for us to begin negotiating a disposition of the case. That form proposal was faxed to our office on March

30, 2004 (Prosecution's *Initial Plea Proposal*).

5. Between March 2004 and June 2005, I received no further notice from the prosecution requesting to continue the trial for Mr. Calderon. All notices received thereafter, were sent *post hoc*, for dates that had already passed without notice to counsel for Mr. Calderon. Those irregularities became the subject of Calderon's *First Motion to Dismiss*.

6. On or about June 2005, Mr. Contreras spoke with Mr. Thomas (hereinafter, the 'Prosecutor') and informed him that Mr. Calderon was no longer interested in postponing the matter, and would not sign the Stipulation and Order to Continue the Trial Date.

7. Thereafter, attorney Campa took over correspondence and handling of the matter vis-a-vis further requests to continue, and plea negotiation.[1]

8. The case was ultimately scheduled to commence trial by jury on 25 July 2006, at 9:00 a.m., in Courtroom 6, before the Honorable, David A. Ezra, Judge presiding. I arrived from Los Angeles, California, the night before (July 24th, 2006).

9. On July 25, 2006, at 9:00 a.m., I arrived at Courtroom 6 of the above-entitled court ready to proceed to trial on behalf of defendant Roman Calderon, and air our grievances vis-a-vis the

---

[1] Please see Decl. of Attorney Campa in support of Motion.

3

AFFIDAVIT OF A. CONTRERAS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

many delays of the matter that occurred without notice to us. However, to my great surprise, the courtroom was dark, with no one present.

10. Immediately thereafter I proceeded to the Clerk's Office, located on the third floor of the above-entitled Court, to conduct a computer search of the court's record on the matter.

11. Based upon my review of the computerized court record on the matter, I discovered an entry dated July 18, 2006, indicating that: "Jury Selection/Trial continued from 7/25/06 9:00 a.m. to 11/28/06 9:00a.m. ..."

12. At no time prior to July 25, 2006, was I provided with any notice of the continuance of trial in the above-entitled action from 7/25/06 to 11/28/06. Nor am I aware of any good cause that may exist for this apparent unilateral continuance. The rescheduled dates had caught me completely by surprise and caused some distress.

13. My partner Drago Campa, arrived in Hawaii around noon. I informed him of my discovery regarding the postponement of the trial, and he shared the same surprise and chagrin at the discovery of this latest development.

14. At this time, my partner and I having so decided, prepared and filed an Ex-parte Motion to Shorten Time (see Exhibit B to

4
AFFIDAVIT OF A. CONTRERAS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

defense Motion to Dismiss), to bring the matter to the court's attention.

15. After attempting to contact Mr. Thomas several times at his office, we finally received word from Los Angeles that Mr. Thomas had returned our many calls.

16. At that point, with little hope of having our matter held, being away from our office with limited resources available to us, we agreed to meet with Mr Thomas at the AUSA's office there in Honolulu.

17. There the parties had a brief discussion vis-a-vis the rescheduled trial date. The prosecutor admitted that he did not serve notice regarding the new dates. After a frustrating few minutes with the prosecutor, Mr. Campa and I, again perplexed with this most recent development, decided there was little left for us to do in Hawaii. The decision was then made to return to the mainland.

18. Mr. Campa and I both prepared to depart at that time for Los Angeles, having little hope of accomplishing anything more.

19. Before leaving, Mr. Campa visited Mr. Calderon at the detention facility there in Oahu to inform him of the most recent developments, and attempt in some way to allay Mr. Calderon's increasing angst over the inordinate delay.

20. Mr. Calderon meanwhile, expressed his concerns with his counsel as he had become increasingly alarmed at the delay and his perceived injustice in the manner in which his case was being handled by all parties. The unexpected and unilateral delays prompted him to perceive an apparently single handed and cavalier manner in the way the prosecution proceeded in the matter. Worse yet, he expressed some concerns that led us to believe the events had shaken his confidence in our own representation of his interests in the matter.

21. Nevertheless, we left the Island with a tentative understanding that all efforts would be made to bring the matter to a speedy conclusion.

22. Another PreTrial Conference was apparently held on 30 October 2006. Again, a date that had been previously set without notice to us as the attorney of record for Mr. Calderon. Never having been duly informed by Mr. Thomas nor the court, counsel for Mr. Calderon failed to appear at that hearing.

23. At that hearing, the court once again set new pretrial and trial dates on the matter. The court did so without affording counsel for Mr. Calderon an opportunity to confer as to the scheduling of those dates. In addition, the court had also apparently set the matter for an OSC with regards to our failure to

appear at the last pretrial conference.

24. At some point I learned from our local counsel that an OSC for our failure to appear had been set for 6 November 2006. Never had we received formal notice of the matter from any source.

25. Mr. Campa appeared for me telephonically, as I was busy on another matter. At that hearing, after hearing from Mr. Campa, the court decided that a hearing would be rescheduled for me to attend the following week there in Oahu. The OSC was thereafter rescheduled for 14 November 2006 (see Decl. of attorney Campa submitted in support of motion).

26. After some wrangling with travel arrangements, court calendering, and the like, we were informed that no personal appearance was necessary. The Court staff informed us that the Court would allow me to appear telephonically on that date.

27. On 14 November 2006, I appeared telephonically before the Honorable Leslie E. Kobayashi, pursuant to the Court's modified order vis-a-vis the Order to Show Cause.

28. At that hearing I informed the court that we had indeed received no notice of any kind regarding the pretrial conference date of 30 October 2006. Mr. Thomas acknowledged (through his representative Mr. D. W.K. Ching) never having sent us any

7
AFFIDAVIT OF A. CONTRERAS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

formal notice of the new October date for Final Pretrial Conference.

29. The Court found there was no notice given regarding the pretrial dates, and dismissed the Order to Show Cause in its entirety. The Court also made no finding that any time had been excluded for the purposes of the Speedy Trial Act.

30. One of the many occasions in which Mr. Calderon's matter does not get heard pursuant to proper notice. And his case is delayed yet again without any notice to him or his counsel, much less any opportunity to be heard.

31. Attached and incorporated by reference herein as Exhibit A, is a true and correct courtesy copy of Defendant Calderon's First Motion to Dismiss for Lack of Timely Prosecution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct according to my knowledge.

Executed in Honolulu, Hawaii.

   Dated: March 15, 2007

            _____
            Anthony Contreras
            Attorney for Defendant Roman Calderon

formal notice of the new October date for Final Pretrial Conference.

29. The Court found there was no notice given regarding the pretrial dates, and dismissed the Order to Show Cause in its entirety. The Court also made no finding that any time had been excluded for the purposes of the Speedy Trial Act.

30. One of the many occasions in which Mr. Calderon's matter does not get heard pursuant to proper notice. And his case is delayed yet again without any notice to him or his counsel, much less any opportunity to be heard.

31. Attached and incorporated by reference herein as Exhibit A, is a true and correct courtesy copy of Defendant Calderon's First Motion to Dismiss for Lack of Timely Prosecution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct according to my knowledge.

Executed in Honolulu, Hawaii.

    Dated: March 15, 2007

                              _____
                              Anthony Contreras
                              Attorney for Defendant Roman Calderon

State of Hawaii
City & County of ___Honolulu___    ss:

On _March 15, 2007_, before me,

_____

personally appeared,_____

___Anthony E. Contreras___

proved to me the basics by satisfactory
evidence to be the person whose name
is subscribed to in the within instrument,
and acknowledged to me that he
executed the same in his authorized
capacity, and that by his signature on
the instrument the person, or the entity
upon behalf of which the person acted,
executed the instrument.

Witness my hand and official seal.

_____
Signature



JOHN P. DAVIS
Expiration Date: September 3, 2010

9
AFFIDAVIT OF A. CONTRERAS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS