Anthony Contreras
CONTRERAS & CAMPA, LLP
633 West 5th Ave., Suite 2600
Los Angeles, CA 90017
Tel.: (213) 480-8565

Benjamin D. Martin
1188 Bishop St. Suite 1810
Honolulu, HI 96813

Attorneys for Defendant ROMAN CALDERON


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII


| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. 03-00495-02 DAE |
| ) | |
| Plaintiff, ) | AFFIDAVIT OF DRAGO |
| ) | CAMPA IN SUPPORT |
| ) | OF DEFENDANT ROMAN CALDERON'S |
| vs. ) | MOTION TO DISMISS FOR LACK |
| ) | OF TIMELY PROSECUTION |
| ) | |
| ROMAN CALDERON (02), ) | |
| ) | |
| Defendant. ) | |
| ) | MOTION HEARING: |
| ) | |
| ) | Date: March 21, 2007 |
| ) | Time: 9:00 a.m. |
| ) | Judge: Hon., David Allan Ezra |

## AFFIDAVIT OF D. CAMPA IN SUPPORT OF DEFENDANT CALDERON'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION

I, DRAGO CAMPA, declare:

1. I am duly licensed to practice law in the State of California, and in good standing with the State Bar. I am a partner in the firm of Contreras & Campa, LLP, attorneys of record for defendant Roman Calderon in the above-entitled action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. On or about 18 August 2005, I wrote the Mr. Chris Thomas (hereinafter referred to as "the Prosecutor") informing him of our frustrations with the lack of communication with his office, the positively stalled proceedings vis-a-vis Mr. Calderon, and the Prosecutor's attempt to have us sign backdated Stipulations to Continue court hearings and/or proceedings that had already passed.[1]

3. On or about 25 August 2005, I informed the Prosecutor that Mr. Calderon was not interested in postponing the matter any longer, and wished to be heard on his First Motion To Dismiss,

---

[1] I also made an informal request from him for specific items of discovery we need for trial, and have to date received nothing from him.

which was filed on August 22, 2005. At that time, the Prosecutor assured me that the matter could be resolved fairly quickly, and based on the Prosecutor's representations, in good faith I agreed to his request to continue the hearing on Mr. Calderon's motion to dismiss for lack of timely prosecution.

4. On 7 September 2005, I received, via facsimile transmission, from the Prosecutor a proposed Memorandum of Plea Agreement. This proposed Plea Agreement was the same form proposal received by attorney Anthony Contreras almost two years ago from the Prosecutor during a pre-trial conference sometime late in 2003.

5. On or about 16 September 2005, I spoke with the Prosecutor (as Calderon's Motion was scheduled for hearing the following week). I expressed my dismay with the utter lack of communication from him vis-a-vis advancing the matter in any kind of meaningful fashion. No progress having really been made since the initial pre-trial conference. The parties agreed to again continue the Hearing on Defendant's Motion to Dismiss based on the parties stated intentions to attempt a prompt resolution of the matter. This agreement to postpone the hearing date on

defendant's Motion to Dismiss was memorialized in a stipulation signed by both parties to the agreement, and filed with the court on 23 September 2005.  The agreement notes for the record, the parties stated intentions to "continue their efforts and good faith negotiations aimed at arriving at a proposed resolution" of the matter.  The hearing on the Motion was rescheduled for 28 November 2005.

6.   On or about 10 November 2005, I wrote to the prosecutor indicating our concerns with the initial plea proposal sent by him, proposing certain revisions, and requesting clarification on a number of issues.  This letter was resent via facsimile transmission and first class U.S. Mail on 14 November 2005.

7.   On or about 23 November 2005, our office again began receiving calls from the Prosecutor requesting more time for the hearing on the Motion.  Again, I agreed to have the hearing on the Motion postponed until 28 December 2005.  Again, for the purpose to complete a proposed negotiated disposition in the matter for the Court's consideration and review.  I reluctantly agreed once again to continue the matter, and a Stipulation to Continue the Hearing was filed shortly thereafter.

8.   Having never heard from the prosecutor on the new hearing

date of 28 December 2005, we requested our designated local counsel to inquire as to the scheduled hearing date. Airline Ticket reservations in hand for travel from Los Angeles to Hawaii for the hearing date of 28 December 2005.

9. Subsequently we received a facsimile transmission from Mr. B. Martin (local counsel) indicating that he had gone to the Courthouse and discovered that the Hearing on the Motion to Dismiss had been rescheduled for 21 February 2006.

10. On or about 3 March 2006, I again wrote the prosecutor vis-a-vis the stalled plea proposal negotiations. In that letter I requested some sort of response from him to my original letter dated 10 November 2005, where I asked for his good faith effort input and co-operation in resolving the details of his proposed plea proposal.[1]

11. Having received no response to my 3 March 2005 letter, I resent the letter to the Prosecutor on about 4 March, 6 March, 23 March, and 10 April, 2006. However, I still did not receive any response.

12. Between the time period of 10 November 2005 through June 2006, I made multiple attempts to telephonically contact the Prosecutor regarding the matter, that were met with absolutely

---

[1] A letter that to date has received no kind of response from the prosecutor, and a letter that represents the only meaningful discussion between the parties on any proposed resolution.

5

AFFIDAVIT OF D. CAMPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

no response. The only times that I actually succeeded in contacting the Prosecutor during that entire time period, were on occasions that he had attempted to reach me in order to have us agree to his requests to continue one or another of the many hearing dates that came and passed without Mr. Calderon's, or his attorney's knowledge.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct according to my knowledge.
Executed in Honolulu, Hawaii.

    Dated: March 15, 2007

                                        Drago Campa
                                        Declarant Attorney

///

///

///

///

State of Hawaii
City & County of __Honolulu__  ss:

On __March 15 2007__, before me,

_____

personally appeared, __Drago__

__Campa__

proved to me the basics by satisfactory evidence to be the person whose name is subscribed to in the within instrument, and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

Witness my hand and official seal.

_____
Signature

JOHN P. DAVIS
Expiration Date: September 3, 2010

7
AFFIDAVIT OF D. CAMPA IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS