EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS #3514
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 15 2007

at 7 o'clock and 04 min. PM
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ROMAN CALDERON, (02) Defendant. | CR. NO. 03-00495-02 DAE<br><br>MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION; DECLARATION OF COUNSEL; CERTIFICATE OF SERVICE; EXHIBITS "A"-"M"<br><br>Date: March 21, 2007<br>Time: 9:00 a.m.<br>Judge: Honorable David Alan Ezra |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF TIMELY PROSECUTION**

The United States of America, by and through its undersigned counsel (hereinafter referred to as the "Government"), submits this memorandum in opposition to Defendant

Roman Calderon's Motion to Dismiss for Lack of Timely Prosecution (hereinafter "Defendant's Motion").

**I. RELEVANT FACTS**

On October 18, 2003, an Indictment against Defendant Roman Calderon (hereinafter "Defendant") and ten (10) other Defendants was filed. Defendant was named in an Indictment that was related to 7 other Indictments naming a total of 77 defendants in an Organized Crime Drug Enforcement Task Force (OCDETF) investigation known as Operation "Shave Ice". Defendant and co-defendant Corey Manley are the only two remaining Defendants that have not yet been resolved.

Defendant was arrested on October 17, 2003 in Arizona and a Motion to Detain Defendant Without Bail was filed by the government on October 17, 2003. On November 3, 2003, Defendant's Rule 40 documents were received from Arizona and a detention hearing was set for November 20, 2003.

On November 18, 2003, a hearing was held on the Government's Motion to Declare the Case Complex. The motion was granted and a new trial date was set for April 20, 2004. At the hearing the Court excluded the time from December 16, 2003, to April 20, 2004 pursuant to 18 U.S.C. 3161. Present at that hearing was Anthony Contreras representing the Defendant. All defendants had no objection to continuance of the original trial date.

From the outset of the case counsel for Defendant represented that Defendant would be cooperating with the government and that he desired to enter a guilty plea. Prior to the initial trial date a Memorandum of Plea Agreement was transmitted to Defendant's counsel based on the terms of our discussions. See Exhibit "A", a true and correct copy of a transmittal of a memorandum of plea agreement to Anthony Contreras dated March 30, 2004.

A final pre-trial conference was held on March 31, 2004. Prior to the pre-trial conference, in the normal course of practice every attorney was contacted by telephone to determine their position on the case and the intentions on how the case was to proceed. Following that process, on March 31, 2004, the Magistrate Judge was informed that all counsel were in agreement to continue the trial. The trial was continued from April 20, 2004 to August 3, 2004. At the hearing the Court excluded the time from April 20, 2004, to August 3, 2004 pursuant to 18 U.S.C. 3161. A stipulation was circulated and based on the number of defendants involved it was a very lengthy process in acquiring all of the signatures from the attorneys. The stipulation was filed on July 9, 2004.

On May 27, 2004, in accordance with his stated intention to cooperate with the government Defendant and his counsel signed a proffer letter agreeing to a debriefing with the

government. See Exhibit "B", a true and correct copy of a proffer letter signed by Defendant and his counsel Anthony Contreras dated May 27, 2004. Defendant, with his attorney Mr. Contreras present, gave a complete and comprehensive statement to the federal agents on May 28, 2004.

On July 6, 2004, a final pre-trial conference was held. All of the attorneys were again contacted prior to the pre-trial conference and at the hearing on July 6, 2004, the defendants made an oral motion to continue the trial which was granted by the Court. The trial was continued from August 3, 2004 to October 19, 2004. At the hearing the Court excluded the time from August 3, 2004, to October 19, 2004 pursuant to 18 U.S.C. 3161. The order was filed on July 8, 2004.

Prior to the final pre-trial conference on September 21, 2004, all of the attorneys were again contacted and an agreement was reached by all attorneys that the trial would be continued to December 14, 2004. The stipulation was prepared and circulated to all Defendants, however, in the process of preparing this memorandum in opposition, the original stipulation was found in the correspondence file without the signature of Defendant's counsel. See Exhibit "C", a true and correct copy of a Stipulation and Order Continuing Trial and To Exclude Time from October 19, 2004 to December 14, 2004. Based on the prior

agreement, the stipulation can still be signed and the stipulation filed.

Prior to the final pre-trial conference on November 15, 2004, all of the attorneys were again contacted and it was confirmed with all attorneys that negotiations to resolve the cases were ongoing. There was an agreement reached by all attorneys that the trial would be continued from December 14, 2004 to April 12, 2005 and to exclude time pursuant to Title 18 U.S.C. Section 3161. The attorneys were notified of the appropriate dates and a stipulation was prepared and circulated to all Defendants. The original stipulation was sent to Defendant's counsel on March 16, 2005, however, the stipulation was not returned to the government for filing. All of the other attorneys signed the stipulation. See Exhibit "D", a true and correct copy of a transmittal of the Stipulation and Order Continuing Trial and To Exclude Time from December 14, 2004 to April 12, 2005.

Prior to the final pre-trial conference on March 14, 2005, all of the attorneys were again contacted and an agreement reached by all attorneys that the trial would be continued from March 14, 2005 to July 26, 2005 and to exclude time pursuant to Title 18 U.S.C. Section 3161. The attorneys were notified of the appropriate dates and a stipulation was prepared and circulated to all Defendants. The original stipulation was sent to

Defendant's counsel on July 21, 2005, however, the stipulation was not returned to the government for filing. See Exhibit "E", a true and correct copy of a transmittal of the Stipulation and Order Continuing Trial and To Exclude Time from April 12, 2005 to July 26, 2005.

On June 29, 2005, based on discussion with Defendant's counsel, the government sent another copy of the proposed plea agreement based upon their request. See Exhibit "F", a true and correct copy of a transmittal of a Memorandum of Plea Agreement dated June 29, 2005.

On July 5, 2005, a final pre-trial conference was held. All of the attorneys were contacted prior to the pre-trial conference. At the hearing on July 5, 2005, the Defendant was represented by William Domingo, appearing for local counsel Ben Martin. Based upon the agreement of the parties the trial was continued from July 26, 2005 to September 27, 2005. The time from July 26, 2005, to September 27, 2005 was excluded pursuant to 18 U.S.C. 3161. The Order was filed on July 15, 2005.

On September 6, 2005, a final pre-trial conference was held. All of the attorneys were contacted prior to the pre-trial conference. At the hearing on September 6, 2005, the Defendant was represented by Gary Singh, appearing for local counsel Ben Martin. At the agreement of the parties the trial was continued from September 27, 2005 to February 7, 2006. The time from

September 27, 2005 to February 7, 2006 was excluded pursuant to 18 U.S.C. 3161. The Order was filed on September 22, 2005.

Communication with Defendant's counsel resulted in another transmission of a proposed plea agreement to Defendant's counsel on September 7, 2005. See Exhibit "G", a true and correct copy of a transmittal of a Memorandum of Plea Agreement dated September 7, 2005. Defendant's counsel acknowledged receipt of the proposed agreement on September 13, 2005 and stated their intention to arrive at an amicable resolution. See Exhibit "H", a true and correct copy of a letter from Defendant's counsel date September 13, 2005.

Prior to the final pre-trial conference on January 13, 2006, the attorneys for defendants were contacted and an agreement reached by the remaining attorneys that the trial would be continued from February 7, 2006 to July 25, 2006 and to exclude time pursuant to Title 18 U.S.C. Section 3161. The attorneys were notified of the appropriate dates and a stipulation was prepared and circulated to all Defendants. The original stipulation was sent to Defendant's counsel on April 16, 2006, however, the stipulation was not returned to the government for filing. See Exhibit "I", a true and correct copy of a transmittal dated April 16, 2006 of the Stipulation and Order Continuing Trial and To Exclude Time from February 7, 2006 to July 25, 2006.

Prior to trial on July 25, 2006, attempts were made to communicate with Defendant's counsel based on the government's belief that Defendant desired to resolve this case prior to trial. See Exhibit "J", a true and correct copy of a transmittal dated July 7, 2006, of a letter addressed to Defendant's counsel Drago Campa. Communication was not returned until July 17, 2006 by a telephone call from Mr. Drago Campa, Esq. In addition, Mr. Campa replied by letter dated July 19, 2006, asking again for another copy of the proposed memorandum of plea agreement. See Exhibit "K", a true and correct copy of a letter dated July 19, 2006, of a letter from Defendant's counsel Drago Campa.

Based on the conversation held on July 17, 2006, Mr. Campa agreed that the trial set for July 25, 2006, would be continued and that he would be available for a trial in November of 2006. Based on that communication, the Court was notified and a stipulation was drafted. The original stipulation was sent to Defendant's counsel on July 26, 2006, however, the stipulation was not returned to the government for filing. See Exhibit "L", a true and correct copy of a transmittal dated July 26, 2006 of the Stipulation and Order Continuing Trial and To Exclude Time from July 25, 2006 to November 28, 2006. The stipulation that was sent to Defendant's counsel included the applicable dates to include the final pre-trial conference date of October 30, 2006.

Based on Mr. Campa's July 19, 2006, letter requesting another copy of the proposed memorandum of plea agreement, the government sent another copy of the proposed plea agreement. See Exhibit "M", a true and correct copy of a transmittal dated July 20, 2006 of a proposed Memorandum of Plea Agreement.

At the scheduled pre-trial conference date of October 30, 2006, Defendant's counsel was not present, despite the government having sent the stipulation to continue the trial for signature on July 26, 2006. See Exhibit "L", above. At the hearing, counsel for co-defendant Corey Manley made an oral motion to continue the trial which was granted by the Court. The trial was continued by the Court from November 28, 2006 to February 27, 2007. The time from November 28, 2006 to February 2, 2007 was excluded pursuant to 18 U.S.C. 3161. The Order was filed on November 6, 2006.

At the scheduled pre-trial conference date of January 11, 2007, by agreement of the parties, with no objection from the government, the trial was continued by the Court from February 27, 2007 to April 27, 2007. The time from February 27, 2007 to April 27, 2007 was excluded pursuant to 18 U.S.C. 3161. The Order was filed on January 17, 2007.

## II. ARGUMENT

### A. Since the Setting of the Initial Trial Date All Time Periods until the Present Trial Date Were Properly Excludable under the Speedy Trial Act.

The Indictment was returned by the Grand Jury in this case on October 18, 2003. Based on the facts as set forth above, all of the time periods since the setting of the initial trial date was excluded by the Court pursuant to 18 U.S.C. § 3161. The only exceptions are the stipulations that were agreed to by counsel for the Defendant and not signed and returned for filing. Counsel for Defendant was the only party in which the government had difficulty in communicating and processing pleadings.

### B. There Was No Violation of Defendant Imai's Speedy Trial Rights

The claim of a violation by a Defendant of his Sixth Amendment Speedy Trial Rights is evaluated by an evaluation of applying a balancing test involving four factors: 1) the length of the delay; 2) the reason for the delay; 3) the defendant's assertion of his right to a speedy trial; and 4) the prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530 (1972).

#### 1. The Length of the Delay

The initial tone of the Defendant was set when his counsel indicated his desire to enter a plea of guilty. Steps were taken at that time to coordinate a meeting with Defendant that was conducive to counsel for Defendant's schedule. The

Defendant signed a proffer and was debriefed by the government in on May 28, 2004. Of the eleven (11) defendants named in the Indictment, there were two defendants that had entered their guilty pleas prior to May 28, 2004. The government informed counsel for Defendant after Defendant's debriefing that Defendant thereafter eligible for credit in assisting the government. All subsequent discussions with counsel for Defendant involved the determination of Defendant's plea agreement terms.

During the period from the initial trial date until the present trial date set for April 17, 2007, the government did not move once to continue the trial. There is no record that Defendant, throughout this entire period, objected to a single continuance.

Throughout the time period of this case, to include the related Indictments, the Defendants were negotiating the terms of their individual plea agreements and entering their guilty pleas.

2. The Reason for the Delay and the Assertion of Speedy Trial Rights

Based on the above facts, all of the continuances were based on the agreement by the parties. A review of the communication between the government and the Defendant reveals that the communications with counsel for Defendant were centered and focused solely on plea negotiations. In addition, the plea

negotiations occurred during the time periods prior to the dates when the pre-trial conferences were scheduled.

The record of the communication with Defendant also shows that the government initiated the communications and forwarded the stipulations which included the signatures of all of the other counsel. Although the government did not have any issues or problems in communicating with the other counsel representing the other co-defendants, the record shows that counsel for Defendant was non-responsive to the transmission of the stipulations that were sent to counsel for Defendant. To date, there are five (5) original stipulations that are still in the possession of counsel for Defendant. All of these original stipulations are already signed by all of the other counsel for co-defendants.

Counsel for Defendant was unresponsive to communications from the government and should not be allowed to benefit from that inaction.

3. <u>There Was No Actual Prejudice to Defendant</u>

Prejudice should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. <u>Barker</u>, <u>supra</u>, 407 U.S. at 532. The prejudice with which the court is concerned is prejudice caused by the delay that triggered the <u>Barker</u> inquiry, not simply any prejudice that may have occurred before the trial date but unrelated to the fact

of the delay itself. See Id. At 534. See also, United States v. Guerrero, 756 F.2d 1342, 1350 (9th Cir. 1984)(Sixth Amendment claim failed where the defendant has not sufficiently shown any causal relationship between the delay and the unavailability of two witnesses who the defendant claims would have testified to being with him on the day of the robbery).

The prejudice alleged in this case was not caused by the government. In fact, the negotiations over time to determine the terms of the Plea Agreement for Defendant have resulted in a significant change to the benefit of Defendant. The government always recognized that Defendant would be eligible for credit for his assistance pursuant to Rule 5K1.1 of the U.S. Sentencing guidelines and Title 18 U.S.C. Section 3553. The facts as reflected in the record show that throughout the period of this case, the government consistently made good faith efforts with counsel for Defendant to follow through with Defendant's initial expressed intention to cooperate with the government and to reach agreeable terms.

//

//

//

//

//

//

**III. CONCLUSION**

For the aforesaid reasons, the Defendant's Motion should be denied.

DATED: Honolulu, Hawaii, March 15, 2007.

EDWARD H. KUBO, JR.
United States Attorney

By [signature]
CHRIS A. THOMAS
Assistant U.S. Attorney