

U.S. Department of Justice

*United States Attorney*
*District of Hawaii*

---

*PJKK Federal Building*           (808) 541-2850
*300 Ala Moana Blvd., Room 6-100*  FAX (808) 541-2958
*Honolulu, Hawaii 96850*

May 27, 2004

Anthony Contreras, Esq.
3600 Wilshire Boulevard, Suite 900
Los Angeles, CA 90010

        Re:  <u>U.S. vs. Roman Calderon</u>
            CR. NO. 03-00495 DAE

        Terms and Conditions for Proffer of
        Information by Defendant Roman Calderon

Dear Mr. Contreras:

       This letter is to confirm the terms under which your client, defendant Roman Calderon (hereinafter "Mr. Calderon"), will provide a proffer of information pertaining to drug and related criminal activities to the United States Attorney's Office for the District of Hawaii in connection with the above-referenced matter.  Mr. Calderon's proffer of information shall be conducted pursuant to the following terms and conditions, hereby agreed to by and between Mr. Calderon, Mr. Calderon's attorney, and the United States Attorney for the District of Hawaii, as reflected by their respective signatures below:

       1.  With Mr. Calderon's attorney present, Mr. Calderon will respond truthfully and completely to any and all questions or inquiries that may be put to him at any meetings conducted pursuant to this Agreement with any Government agents, including Assistant United States Attorney Chris A. Thomas, Esq.:

       2.  Should there be a trial in the above-captioned matter against Mr. Calderon, the prosecution will not offer in evidence in its case-in-chief or against the Defendant at Mr. Calderon's sentencing following a judgment of guilt after trial or pursuant to plea, any statements made by Mr. Calderon at said meetings in accordance with the provisions of U.S.S.G. §1B1.8, except in a prosecution for false statements, obstruction of justice, or perjury, where such prosecution arises from Mr. Calderon's conduct during said meetings, <u>see</u> U.S.S.G. §1B1.8(b);



EXHIBIT B

Anthony Contreras, Esq.
May 27, 2004
Page 2

      3.   Notwithstanding paragraph (2) above, the prosecution may use information derived directly or indirectly from said meetings for the purpose of obtaining and pursuing leads to other evidence, which other evidence may be used by the prosecution for rebuttal at a trial of the charges in this case;

      4.   Notwithstanding paragraph (2) above, the prosecution may use statements made by Mr. Calderon at said meetings, and all evidence obtained directly or indirectly from those statements, for the purpose of cross-examination should Mr. Calderon testify in contradiction to information given during said meetings, or to rebut any evidence offered by or on behalf of Mr. Calderon in connection with the trial of the above-captioned matter or at Mr. Calderon sentencing following trial, should such evidence be contrary to the information given by Mr. Calderon during said meetings;

      5.   Notwithstanding paragraph (2) above, the prosecution may use statements made by Mr. Calderon at said meetings, and all evidence obtained directly or indirectly from those statements as it applies to criminal and/or civil forfeitures. This agreement does not apply to prosecution regarding any criminal or civil forfeitures; i.e., the prosecution may offer into evidence in its case-in-chief any information provided by Mr. Calderon regarding criminal and/or civil forfeitures. *However, the prosecution will not use Mr. Calderon's statements in this proffer against him in any forfeiture proceedings against Mr. Calderon.*

      6.   This Agreement is limited to the statements made by Mr. Calderon at the meetings referred to herein, and does not apply to any statements made by Mr. Calderon at any other time, whether oral, written or recorded;

      7.   No understanding, promises, agreements and/or conditions have been entered into with respect to this case other than those expressly set forth in this Agreement and none will be entered into unless in writing and signed by all parties. Please be aware that defendant's voluntary participation in these interviews is not to be considered as "substantial assistance" or actual cooperation so as to justify a departure motion or F.R.Cr.P. 35(b) motion in and of itself. To the contrary, the purpose of these interviews is to ascertain the value and significance of the information to be provided.

Anthony Contreras, Esq.
May 27, 2004
Page 3

     By their respective signatures below, the parties to the Agreement expressed in this letter attest to their knowing and intelligent agreement to be bound by the terms and conditions contained herein.

Very truly yours,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By _____
CHRIS A. THOMAS
Assistant U.S. Attorney

AGREED TO BY:

_____
ANTHONY CONTRERAS, ESQ.
Attorney for Defendant

_____
ROMAN CALDERON
Defendant