

# FACSIMILE TRANSMITTAL
*COVER SHEET*

**UNITED STATES ATTORNEY
DISTRICT OF HAWAII**
ROOM 6-100, PJKK FEDERAL BUILDING
300 ALA MOANA BLVD.
HONOLULU, HAWAII 96850
PHONE: (808) 541-2850
FAX: (808) 541-2958

| DATE: | July 20, 2006 | # of Pages (incl. cover sheet) | 15 |

| FAX NUMBER | PHONE NUMBER |
|---|---|
| (213) 480-6675 | |

TO: Drago Campa, Esq.

FROM: Chris A. Thomas, AUSA

***SPECIAL INSTRUCTIONS:***

Re: U.S. v. Calderon, et al., Cr. No. 03-00495 DAE

Transmitting, pursuant to your request, revised Memorandum of Plea Agreement. Said Plea Agreement is subject to approval by the U.S. Attorney.



```
*************  -COMM.   JURNAL- *************** DATE JUL-20-20L  **** TIME 12:14 ********

         MODE = MEMORY TRANSMISSION           START=JUL-20 12:10   END=JUL-20 12:14

           FILE NO.=587

    STN   COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                PAGES     DURATION
    NO.           ABBR NO.

    001    OK      z           912134806675                        015/015   00:03:21


                                                         -US ATTORNEY HAWAII    -

***************************  -            - ****  -       8085412829- *********
```



# FACSIMILE TRANSMITTAL
*COVER SHEET*

**UNITED STATES ATTORNEY
DISTRICT OF HAWAII**
ROOM 6-100, PJKK FEDERAL BUILDING
300 ALA MOANA BLVD.
HONOLULU, HAWAII 96850
PHONE: (808) 541-2850
FAX: (808) 541-2958

**DATE:** July 20, 2006        **# of Pages (incl. cover sheet)** 15

| FAX NUMBER | PHONE NUMBER |
|---|---|
| (213) 480-6675 | |

**TO:** Drago Campa, Esq.

**FROM:** Chris A. Thomas, AUSA

**SPECIAL INSTRUCTIONS:**

Re: U.S. v. Calderon, et al., Cr. No. 03-00495 DAE

Transmitting, pursuant to your request, revised Memorandum of Plea Agreement. Said Plea Agreement is subject to approval by the U.S. Attorney.

```
EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS      #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA
```

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-02 DAE |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OF PLEA AGREEMENT |
| ROMAN CALDERON, | ) | DATE: |
| | ) | TIME: |
| Defendant. | ) | JUDGE: |

MEMORANDUM OF PLEA AGREEMENT

     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, ROMAN CALDERON (hereinafter "Defendant"), and his attorney, Drago Campa, Esq., based upon the following:

1.  Defendant acknowledges that he is charged in an Indictment in Cr. No. 03-00495 DAE, with one (1) count of a violation of Title 21, United States Code, Section 846 (Count 1 - Conspiracy to possess with intent to distribute in excess of fifty (50) grams of methamphetamine); one count of a violation Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A) (Count 2 - Possession with intent to distribute in excess of fifty (50) grams of methamphetamine); one count of a violation Title 21, United States Code, Sections 843(b)(Count 6 - Unlawful use of a communications facility); and one count of a violation Title 18, United States Code, Section 1956(h)(Count 9 - Conspiracy to commit money laundering).

2.  Defendant has read the charges against him as contained in the Indictment, and the charges have been fully explained to him by his attorney. In making his decision to plead guilty to Counts 1 and 9 of the Indictment, Defendant has had ample opportunity to consult with his undersigned defense attorney, and Defendant is satisfied with the legal advice and representation of his defense attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to

Counts 1 and 9 of the indictment in Cr. No. 03-00495 DAE. In return, the government will move to dismiss Counts 2 and 6 of the Indictment against Defendant after sentencing in this case.

5.  Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.  Defendant enters this guilty plea because he is in fact guilty of conspiracy with co-defendant William Totten, and others, to possess with intent to distribute in excess of fifty (50) grams or more of methamphetamine; and 3) conspiracy to commit money laundering. Defendant further agrees that his guilty pleas to Counts 1 and 9 of the indictment are voluntary and not the result of force or threats.

7.  Defendant understands that the penalties for the offenses to which he is pleading guilty are as follows:

   A.  <u>As to Count 1</u>:

   1)  A mandatory minimum term of imprisonment of ten years and up to life;

   2)  A fine of up to $4,000,000; and

   3)  A term of supervised release of not less than ten years and up to life;

   B.  <u>As to Count 9</u>:

   1)  A term of imprisonment of not more than twenty years;

   2)  A fine of not more than $500,000; and

        3)    A term of supervised release of not more than three years;

Defendant must also pay a $100 special assessment as to each count to which he is pleading guilty.[1] Defendant agrees to pay the $100 for the count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

At the discretion of the court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

---

[1] The $100 special assessment is mandatory pursuant to Title 18 U.S.C. § 3013(a)(2)(A).

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

During the period from on or about May 1, 2003, to and including September 30, 2003, pursuant to their agreement, Defendant Ramon Calderon supplied approximately thirty-three (33) pounds of methamphetamine to his co-defendant William Totten for distribution in Hawaii.

In addition, during that same time period, Defendant Calderon made an agreement with William Totten, Jason Maxwell, William Dunn, Craig Curtis, and others, to conduct financial transactions by receiving U.S. currency, that was transported between Hawaii and Arizona, which were proceeds from the illegal sale of methamphetamine in Hawaii. The U.S. currency was transported from Hawaii to Arizona to promote the illegal sale of methamphetamine.

9. Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

In addition, pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    a.    The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

    b.    That, to date, the defendant has provided substantial assistance in the investigation or prosecution of another person and the government intends to file a motion

6

pursuant to Section 5K1.1 of the U.S. Sentencing Guidelines and Title 18, Section 3553(e) of the United States Code.

10. The defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a). Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this Plea Agreement.

    a. The defendant also waives, except as indicated in subparagraph "b" below, his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court in imposing sentence departs (as that term is used in Part K of the Sentencing Guidelines) upward from the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the upward departure portion of his sentence and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack; and

   c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

  11. The defendant understands that the District Court in imposing sentence will be bound by the provisions of the Sentencing Guidelines. Subject to the exceptions noted in the previous paragraph, the defendant is surrendering his right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the defendant perceives to be an incorrect application of the Guidelines. The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

  12. The defendant understands that pursuant to Guideline 6B1.1(c), this Agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a Presentence Report, unless the Court decides that a Presentence Report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Indictment adequately reflect the seriousness of the

actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

    13.  Defendant understands that by pleading guilty he surrenders certain rights, including the following:

        a.  If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

        b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

14. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him and the consequences of the waiver of those rights.

15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

16. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

17. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

18. The defendant agrees that he will fully cooperate with the United States.

    a. He agrees to testify truthfully at any and all trials, hearings, or any other proceedings at which the prosecution requests him to testify, including, but not limited to, any grand jury proceedings, trial proceedings involving co-defendants and others indicted later in the investigation, and related civil proceedings;

    b. Defendant agrees to be available to speak with law enforcement officials and to representatives of the United States Attorney's Office at any time and to give truthful and complete answers at such meetings, but he understands he may have his counsel present at those conversations, if he so desires;

c. Defendant agrees he will not assert any privilege to refuse to testify at any grand jury, trial, or other proceeding, involving or related to the crime in the Indictment or any subsequent charges related to this investigation at which the prosecution requests him to testify;

d. Should any criminal prosecution be brought against Defendant by the U.S. Attorney's Office, the prosecution will not offer in evidence in its case-in-chief, or in connection with any sentencing proceeding for the purpose of determining an appropriate sentence, any statements made by Defendant at any and all debriefing meetings related to this case, except in a prosecution for false statements, obstruction of justice, or perjury. Notwithstanding the foregoing, Defendant understands that any information or testimony provided by Defendant may be used in furtherance of any civil forfeiture proceeding brought by the United States Attorney to obtain property which was proceeds of, or facilitated, Defendant's drug trafficking activity;

e. Notwithstanding paragraph 18(d) above, the prosecution may use (i) information derived directly or indirectly from any and all debriefing meetings for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used in any prosecution of Defendant by the prosecution, and (ii) statements made by Defendant at any and all debriefing meetings and all evidence obtained directly or indirectly from

those statements for the purpose of cross-examination should Defendant testify, or to rebut any evidence offered by or on behalf of Defendant in connection with the trial and/or at sentencing, should any prosecution of Defendant be undertaken;

    f.   Pursuant to Section 1B1.8(a) of the Sentencing Guidelines, the prosecution agrees that self-incriminating information provided pursuant to this Agreement to cooperate will not be used in determining the applicable guideline range, except as may be provided in this Agreement and under Section 1B1.8(b) of the Sentencing Guidelines.

    g.   If, after entering this plea agreement, however, the Defendant makes a motion before the Court to withdraw from the plea agreement and the Court grants that motion, the Defendant agrees that any statement he makes to law enforcement agents or to the United States Attorney's Office may be used against him in a subsequent trial. Defendant waives any protection afforded by Rule 11(e)(6) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made during the course of pleading guilty when the guilty plea is later withdrawn.

    19.   In the event that the defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution

13

agrees not to use said statements in its case-in-chief in the trial of the defendant in this matter. Defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

DATED: Honolulu, Hawaii, _____.

AGREED:

_____       _____
EDWARD H. KUBO, JR.                ROMAN CALDERON
United States Attorney             Defendant
District of Hawaii


_____       _____
FLORENCE T. NAKAKUNI               ANTHONY CONTRERAS
Chief, Narcotics Section           Attorney for Defendant


_____
CHRIS A. THOMAS
Assistant U.S. Attorney


USA v. Roman Calderon, et al.
Memo of Plea Agreement
Cr. No. 03-00495-02 DAE

14