ORIGINAL

Anthony Contreras
CONTRERAS & CAMPA, LLP
633 West 5th Ave., Suite 2600
Los Angeles, CA 90017
Tel.: (213) 480-8565

Benjamin D. Martin
1188 Bishop St. Suite 1810
Honolulu, HI 96813

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2007

at 3 o'clock and 30 min. ___ M
SUE BEITIA, CLERK

Attorneys for Defendant ROMAN CALDERON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>ROMAN CALDERON (02), )<br>)<br>Defendant. )<br>)<br>)<br>)<br>)<br>_____ ) | CR. No. 03-00495-02 DAE<br><br>EVIDENTIARY OBJECTIONS OF DEFENDANT ROMAN CALDERON TO PLAINTIFF'S OPPOSITION AND DECLARATION OF COUNSEL<br><br><br><br>MOTION HEARING:<br><br>Date:   March 21, 2007<br>Time:  9:00 a.m.<br>Judge: Hon., David Allan Ezra |

Defendant ROMAN CALDERON respectfully submits the following evidentiary objections to Plaintiff's Opposition and Declaration of Counsel in proffered in opposition to Defendant's Motion To Dismiss For Lack of Timely Prosecution, and requests the Court to grant said objections and strike the relevant portions to Plaintiff Counsel's declaration.

**EVIDENTIARY OBJECTIONS**

Plaintiff Counsel's Statement:

"On July 6, 2004, a Final Pretrial conference was held. All of the attorneys were again contacted prior to the conference, and at the hearing on July 6, 2004, the defendants made an oral motion to continue the trial which was granted by the court. The trial was continued from August 3 2004, to October 19, 2004. Pursuant to 18 USC 3161. The order was filed on July 8 2004." (Pl.'s Opp. at p.4 ¶1.)

Defendant's First Objection:

Defendant objects to the plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Prior to the final pretrial conference on September 21 2004, all of the attorneys were again contacted and an agreement was reached by all attorneys that the trail would be continued to December 14 2004. The stipulation was prepared and circulated to all defendants however, in the process of preparing this memorandum in opposition, the original

stipulation was found in the correspondence file without the signature of D's counsel. See Exhibit. "C", a true and correct copy of a stipulation and order continuing trial, and to exclude time from October 19, 2004 to December 14 2004. Based on the prior agreement the stipulation can still be signed and the stipulation filed." (Pl.'s Opp. at p.4-5 ¶2.)

Defendant's Second Objection:

Defendant objects to the plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED:          _____

OVERRULED:         _____

Plaintiff Counsel's Statement:

"Prior to the final pretrial conference on November 15, 2004, all of the attorneys were again contacted, and it was confirmed with all attorneys that negotiations to resolve the cases were ongoing. There was an agreement reached by all attorneys that the trial would be continued from December 14, 2004 to April 12, 2005, and to exclude time pursuant to Title 18 USC Section 3161. The attorneys were notified of the appropriate dates, and a stipulation was prepared and circulated to all the d's. The original stipulation was sent to Defendant's counsel on March 16, 2005, however the stipulation was not returned to the government for filing. All of the other attorneys signed the stipulation. See Exhibit "D", a true and correct copy of a transmittal of the stipulation and order continuing trial and to exclude time from December 14, 2004 to April 12, 2005." (Pl.'s Opp. at p.5 ¶1.)

Defendant's Third Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Prior to the final pretrial conference on March 14, 2005, all of the attorneys were again contacted, and an agreement was reached by all attorneys would be continued from March 14 2005 to July 26 2005, and to exclude time pursuant 18 USC 3161. The Attorneys were notified of the appropriate dates and a stipulation was prepared and circulated to all Defendants. The original stipulation was sent to Defendant's counsel on July 21, 2005, however, the stipulation was not returned to the government for filing. See Exhibit "E", a true and correct copy of a transmittal of a stipulation and order continuing trial to exclude time from April 12, 2005, to July 26, 2005." (Pl.'s Opp. At p.5-6 ¶2.)

Defendant's Fourth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"On June 29, 2005, based on discussion with counsel , the government sent another copy of the proposed plea agreement based upon their request. See Exhibit "F", a true and correct copy a transmittal of the memorandum of plea agreement, date June 29, 2005. (Pl.'s Opp. at p.6 ¶1.)

Defendant's Fifth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"On July 5, 2005, a final pretrial conference was held. All of the attorneys were contacted prior to the pretrial conference,. At the hearing on July 5, 2005, the d was represented by William Domingo, appearing for local counsel Ben Martin. Based on the agreement of the parties the trial was continued from July 26, 2005 to September 27, 2005. The time from July 26, 2005 to September 27, 2005, was excluded pursuant to 18 USC 3161. The order was filed on July 15 2005." (Pl.'s Opp. at p.6 ¶2.)

Defendant's Sixth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

    Court's Ruling On Defendant's Evidentiary Objections:

    SUSTAINED: _____

    OVERRULED: _____

Plaintiff Counsel's Statement:

"On September 6, 2005, a final pretrial conference was held. All of the attorneys were contacted prior to the pretrial conference. At the hearing on September 6, 2005, the Defendant was represented by Gary Singh, appearing for local counsel Ben Martin. At the agreement of the parties, the trial was continued from September 27, 2005 to February 7, 2006. The time from September 27, 2005 to February 7, 2006 was excluded pursuant to 18 USC 3161. The order was filed on September 22, 2005." (Pl.'s Opp. at pp.6-7 ¶3.)

Defendant's Sixth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

    Court's Ruling On Defendant's Evidentiary Objections:

    SUSTAINED: _____

    OVERRULED: _____

Plaintiff Counsel's Statement:

"Communication with Defendant's counsel resulted in another transmission of a proposed plea agreement to defense counsel on September 7, 2005. See Exhibit "G", a true and correct copy of a transmittal of a memorandum of plea agreement dated Sept. 7 2005. D's counsel acknowledged receipt of the proposed agreement, on September 13, 2005, and stated their intention to arrive at a amicable resolution. See Exhibit "H", a true and correct copy of a letter from Defendant's counsel dated Sept 13, 2005." (Pl.'s Opp. at p.7 ¶1.)

Defendant's Seventh Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Prior to the final pre-trial conference on January 13, 2006, the attorneys for defendants were contacted, and an agreement reached by the remaining attorneys that the trial would be continued from Feb 7, 2006 to July 25, 2006, and to exclude time pursuant to 18 USC 3161. The attorneys were notified of the appropriate dates, and a stipulation was prepared and circulated to all Defendants. The original stipulation was sent to Defendant's counsel on April 16, 2006, however, the stipulation was not returned to the government to filing. See Exhibit "I", a true and correct copy of a transmittal dated April 16, 2006 of the stipulation and order continuing trial and to exclude time from Feb. 7, 2006 to July 25, 2006."

(Pl.'s Opp. at p.7 ¶2.)

Defendant's Seventh Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Prior to trial on July 25, 2006, attempts were made to communicate with Defendant's counsel based on the government's belief that Defendant desired to resolve this case prior to trial. See Exhibit "J", a true and correct copy dated July 7, 2006, of a letter addressed to Defendant's counsel Drago Campa. Communication was not returned until July 17, 2006 by a telephone call from Mr. Drago Campa, Esq. In addition, Mr. Campa replied by letter dated July 17, 2006 asking again for another copy of the proposed memorandum of plea agreement. See Exhibit "K", a true and correct copy of the letter dated July 19, 2006, of a letter from Defendant's counsel Drago Campa." (Pl.'s Opp. at p.7 ¶1.)

Defendant's Seventh Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Based on the conversation held on July 17, 2006, Mr. Campa agreed that the trial set for July 25, 2006, would be continued and that he would be available for a trial in November of 2006. Based on that communication the Court was notified and a stipulation was drafted. The original stipulation was sent to defendants counsel on July 26, 2006, however, the stipulation was not returned to the government for filing. See Exhibit "L", a true and correct copy of a transmittal dated July 26, 2006, of the stipulation and order continuing trial and to excluded time from July 25, 2006 to November 28, 2006. The stipulation that was sent to the Defendant's counsel included the applicable dates to include the final pre-trial conference date of October 30, 2006." (Pl.'s Opp. at p.8 ¶1.)

Defendant's Eighth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED: _____

OVERRULED: _____

Plaintiff Counsel's Statement:

"Based on Mr. Campa's July 19, 2006, letter requesting another copy of the proposed memorandum of plea agreement, the government sent another copy of the proposed plea

agreement. See Exhibit "M", a true and correct copy of a transmittal dated July 20, 2006 of a proposed memorandum of plea agreement. At the scheduled pre-trial conference date of October 30, 2006, Defendant's counsel was not present, despite the government having sent the stipulation to continue the trial for signature on July 26, 2006. See Exhibit "L", above. At the hearing, counsel for co-defendant Corey Manley made an oral motion to continue the trial which was granted by the Court. The trial was continued by the court from November 28, 2006 to February 27, 2007. The time from November 28, 2006 to February 2, 2007 was excluded pursuant to 18 USC 3161. The order was filed on November 6, 2006."

"At the scheduled pre-trial conference date of January 11, 2007, by agreement of the parties, with no objection from the government the trial was continued by the court from February 27, 2007 to April 27, 2007 was excluded pursuant to 18 USC 3161. The order was filed on January 17, 2007." (Pl.'s Opp. at p.9 ¶¶1-3.)

Defendant's Eighth Objection:

Defendant objects to plaintiff Counsel's (declarant's) aforementioned statement because the declarant fails to establish that he possesses the requisite personal knowledge about the facts contained in his aforementioned statement. Thus, declarant's aforementioned statement lacks foundation, rendering the declarant incompetent to testify to same. Additionally, the declarant's statement constitutes multiple level of hearsay.

Court's Ruling On Defendant's Evidentiary Objections:

SUSTAINED:  _____

OVERRULED:  _____

/ / /

Dated: March 20, 2007                    Respectfully submitted,

                                              CONTRERAS & CAMPA, LLP

                                   By:  Anthony Contreras. Esq.
                                          Attorneys for Defendant
                                          **Roman Calderon**

Anthony Contreras
CONTRERAS & CAMPA, LLP
U.S. Bank Tower
633 West 5th Ave., Suite 2600
Los Angeles, CA 90017
Tel.: (213) 480-8565

Benjamin D. Martin
1188 Bishop St. Suite 1810
Honolulu, HI 96813

Attorneys for Defendant ROMAN CALDERON

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>                                                         )<br>                        Plaintiff,         )<br>                                                         )<br>            vs.                                         )<br>                                                         )<br>                                                         )<br>ROMAN CALDERON (02),           )<br>                                                         )<br>                        Defendant.     )<br>_____ ) | CR. No. 03-00495-02 DAE<br><br>CERTIFICATE OF SERVICE |

CERTIFICATE OF SERVICE

I hereby certify that one copy of the foregoing document will be served on the following parties by ( ) U.S. Mail, or (x) personal delivery ot the date of filing.

To:    EDWARD KUBO. JR. ESQ.
       U.S. Attorney,
       Chris A. Thomas
       Assistant U. S. Attorney
       United States Attorneys' Office
       PJKK Federal Building
       300 Ala Moana Blvd., Box 50183
       Honolulu, Hawaii 96850

       Attorneys for the United States Of America