ORIGINAL

EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI #2286
Chief, Narcotics Section

CHRIS A. THOMAS        #3514
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Chris.Thomas@usdoj.gov

Attorney for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 23 2007

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 03-00495-02 DAE |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM OF PLEA AGREEMENT |
| ROMAN CALDERON, (02) | ) | DATE: March 22, 2007 |
| Defendant. | ) | TIME: 1:30 p.m. |
| | ) | JUDGE: Honorable Kevin S.C. Chang |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, ROMAN CALDERON (hereinafter "Defendant"), and his attorneys, Anthony Contreras and Drago Campa, Esq., based upon the following:

1.  Defendant acknowledges that he is charged in an Indictment in Cr. No. 03-00495 DAE, with violating Title 21, United States Code, Sections 841(a)(1), 843(b), and 846, and Title 18 United States Code, Section 1956(h).

2.  Defendant has read the charges against him as contained in the Indictment, and the charges have been fully explained to him by his attorney. In making his decision to plead guilty to Count 9 of the Indictment charging him with conspiracy to committ money laundering, Defendant has had ample opportunity to consult with his undersigned defense attorney, and Defendant is satisfied with the legal advice and representation of his defense attorney.

3.  Defendant fully understands the nature and elements of the crimes with which he has been charged.

4.  Defendant will enter a voluntary plea of guilty to Count 9 of the indictment in Cr. No. 03-00495 DAE. In return, the government will move to dismiss Counts 1, 2 and 6 of the Indictment against Defendant after sentencing in this case. Defendant enters this plea agreement pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, and the parties agree that the specific sentence set forth in subparagraph (a) below is the appropriate disposition of this case. In accordance with Rule 11(e)(4), Federal Rules of Criminal Procedure, Defendant shall have the opportunity to withdraw his plea if the Court rejects this Agreement.

(a)   The specific sentence for defendant agreed-upon by the parties is: imprisonment for a term of forty-two (42) months, with credit for time served, a term of supervised release of two (2) years, and a special assessment of $100.  This agreement notwithstanding, in the event that Defendant commits any violation of Federal or state criminal law after the entry of his plea of guilty and prior to imposition of sentence, the government may unilaterally elect to withdraw from this plea agreement, in which case the agreement shall be null and void as to both parties.

5.   Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.   Defendant enters this guilty plea because he is in fact guilty of conspiracy to commit money laundering with co-defendant William Totten, and others.  Defendant further agrees that his guilty plea to Count 9 of the indictment is voluntary and not the result of force or threats.

7.   Defendant understands that the penalties for the offense to which he is pleading guilty is as follows:

   1)   A term of imprisonment of not more than twenty years;

   2)   A fine of not more than $500,000 or twice the value of the funds involved in the transportation, transmission or transaction; and

    3) A term of supervised release of at least two years but not more than three years.

  Defendant must also pay a $100 special assessment as to the count to which he is pleading guilty.[1] Defendant agrees to pay the $100 for the count to which he is pleading guilty to the United States District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charges to which defendant is pleading guilty:

  During the period from on or about May 1, 2003, to and including September 30, 2003, Defendant Calderon entered into an agreement with William Totten, William Dunn, Craig Curtis and Albert Powell III, and conducted financial transactions by accepting $140,280 in U.S. currency from his co-conspirators, that was transported between Hawaii and Arizona, which Defendant knew were proceeds from illegal activity. The U.S. currency was

---

[1] The $100 special assessment is mandatory pursuant to Title 18 U.S.C. § 3013(a)(2)(A).

transported from Hawaii to Arizona and accepted by Defendant to conceal or disguise the nature, the location, the source, the ownership or the control of the proceeds. The Defendant does not dispute that the prosecution may prove beyond a reasonable doubt that the $140,280 involved in the transactions conducted by the Defendant were in fact drug proceeds.

9. Pursuant to CrimLR32.1 of the Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior, and that accepting this Agreement will not undermine the statutory purposes of sentencing.

In addition, pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

   a.   The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant. Accordingly, the United States Attorney will be moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline

§ 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights to argue to the contrary in the event of receipt of new information relating to those issues.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

    A.    <u>Factual stipulations</u>:

        (1) <u>Amount of Money laundered</u>:

The amount of money that was laundered by Defendant and his co-conspirators and for which Defendant accepts responsibility is $140,280 in U.S. Currency.

    B.    <u>Offense Level Stipulations</u>:

Based upon the amount of money laundered as referenced in paragraph 10(A) above, the Base Offense Level as determined by the U.S. Sentencing guidelines applicable to Money Laundering would be "25". <u>See</u> U.S.S.G. §§ 2S1.1(a)(2), 2B1.1, and 2B1.1(b)(1)(F).

C.  <u>Sentencing recommendations</u>:

The parties agree that the specific sentence as set forth in subparagraph 4(a) above is the appropriate disposition of this case.

In addition, based upon information presently known to the prosecution, as of the date of the execution of this Agreement, the United States will <u>not</u> argue at the time of sentencing of the defendant that defendant has not clearly demonstrated acceptance of responsibility for the offense of conviction, within the meaning of Guideline 3E1.1(a);

D.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline 3E1.1(b)(2), if defendant is otherwise eligible.

11.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set

forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

    c. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

 12. The defendant understands that the District Court in imposing sentence will consult the provisions of the Sentencing Guidelines which are advisory. Subject to the exceptions noted in the previous paragraph, the defendant is surrendering his

right to challenge any sentence within the statutory maximum, or the manner in which it was determined, including, but not limited to, a sentence that the defendant perceives to be an incorrect application of the Guidelines. The defendant further agrees that there is no promise or guarantee of the applicability or non-applicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

13. The parties agree that notwithstanding the parties' agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The government is aware that the Defendant will request an expedited sentencing in this matter and does not object to that request.

14. The defendant understands that the Court will not accept an agreement unless the Court determines that the charges contained in the Indictment adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and

speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  The defendant has a right to a jury trial.  However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution, and the judge all must agree that the trial be conducted by the judge without a jury;

      b.  If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt;

      c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt;

      d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the defendant.  Defendant would be able to

confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court; and

  e. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against him, related matters, and any matters in aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, 3-22-07.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

ROMAN CALDERON
Defendant

FLORENCE T. NAKAKUNI
Chief, Narcotics Section

ANTHONY CONTRERAS
DRAGO CAMPA
Attorneys for Defendant

CHRIS A. THOMAS
Assistant U.S. Attorney

USA v. Roman Calderon, et al.
Memo of Plea Agreement
Cr. No. 03-00495-02 DAE